# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ISMAEL GUILLERMO HERNANDEZ,<br><br>Plaintiff<br><br>v.<br><br>JOHN DOE #1 (ADMINISTRATOR), JOHN DOE #2 (CHIEF OF POLICE), JOHN DOE #3 (BOOKING OFFICER), JOHN DOE #4 (RECORDS),<br><br>Defendants | Case No. 2:15-cv-609-JAD-VCF<br><br>Screening Order; Order Dismissing Action without Prejudice to Filing of New Petition for Writ of Habeas Corpus |

Plaintiff is a prisoner in the custody of the Nevada Department of Corrections and filed this civil-rights complaint under 42 U.S.C. § 1983. He also applies to proceed *in forma pauperis*. Docs. 1, 1-1. The court now screens this complaint; concludes that plaintiff's proper remedy for the allegations he makes, if any, is a petition for writ of habeas corpus, not a civil-rights complaint; and dismisses this case without prejudice to plaintiff's ability to file a petition for habeas corpus.

## I.  SCREENING STANDARD

Federal courts must conduct a preliminary screening on any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)(2). *Pro se* pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended

complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. 662, 662, 679 (2009).

Finally, all or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claim lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.   SCREENING OF HERNANDEZ'S COMPLAINT

Hernandez sues four defendants—identified only as John Does and described as an administrator, the Chief of Police, a booking officer, and someone in the records department—for events that took place while he was incarcerated at the Clark County Detention Center. Doc. 1-1. He generally alleges that the defendants are in charge of various aspects of booking and inmate charges and violated his constitutional rights by holding him on incorrect charges. *Id.* at 5. Plaintiff's charges are actually attributable to someone with different fingerprints, a different inmate identification number, and a different social security number. *Id.* He alleges that his First, Fifth, Eighth, and Fourteenth Amendment rights have been violated as a result of this mistake, and all nine of his counts seek relief as a result of these false charges. *Id.*

Plaintiff is attempting to challenge the circumstances leading to his arrest and imprisonment,

but he cannot do so with a civil-rights claim. When a prisoner challenges the legality or duration of his custody or raises a constitutional challenge that could entitle him to an earlier release—as this plaintiff does— his only federal remedy is a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Young v. Kenny*, 907 F.2d 874, 875 (9th Cir. 1990). Further demonstrating that this civil-rights suit is the wrong vehicle for plaintiff's instant challenge is the fact that the law holds that, when seeking damages for an allegedly unconstitutional conviction or imprisonment, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (citing 28 U.S.C. § 2254). "A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.* at 487. It does not appear that plaintiff could demonstrate this key element necessary for § 1983 relief.

If plaintiff desires to challenge the charges on which he has been incarcerated—as it clearly appears he does—that challenge implicates the legality or duration of his custody and his sole federal remedy is through a petition for writ of habeas corpus. If plaintiff wants to continue to bring these types of claims, he needs to file a petition for writ of habeas corpus in a new action. Accordingly, the court dismisses this civil-rights case without prejudice to plaintiff's ability to file a petition for a writ of habeas corpus in a new action.

### III.     CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed *in forma pauperis* **[Doc. 1] is denied as moot**;

IT IS FURTHER ORDERED, ADJUDGED, and DECREED that **this case, in its entirety, is dismissed without prejudice to plaintiff's ability to file a petition for writ of habeas corpus in a new action.** The Clerk of Court is instructed to **CLOSE THIS CASE**.

DATED this 21st day of September, 2015.

_____
Jennifer Dorsey
United States District Judge